**WHITEHALL** (Village), **Plaintiff-Appellant, v.
LAUDERBAUGH et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4532.   Decided March 1, 1951.

George L. Dixon, Carl H. Valentine, Columbus, for appellant.
Ralph J. Bartlett, Pros. Atty., Robert P. Barnhart, Joseph J.
Poorman and Donald B. Leach, Asst. Pros. Attys., Columbus,
for appellees.

## OPINION

By THE COURT.

This is an appeal from the judgment of the Common Pleas
Court sustaining a demurrer to the petition for the reason
that the same did not state a good cause of action.   The plain-
tiff not desiring to plead further, the action was dismissed.
The only question raised concerns disposition of one-half of
the fines and bond forfeiture in cases prosecuted by the State
Highway Patrol before a justice of the peace who lived and
conducted his court within the limits of the incorporated
village of Whitehall and which is also located within the
township.

The question arises under §1183-4 GC, the pertinent por-
tion of which is as follows:

"Disposition of fines.   All fines collected from, or moneys
arising from bonds forfeited by persons apprehended or ar-
rested by state highway patrolmen shall be paid one-half
into the state treasury and one-half to the treasury of the
incorporated city or village where such case is prosecuted.

Provided, however, if such prosecution is in a trial court outside of an incorporated city or village such money shall be paid one-half into the county treasury."

It is the plaintiff's position that the statutory language requires one-half of said fines and bond forfeitures to be paid by said justice of the peace to the Village of Whitehall, because the locus of the justice's court is in that village.

It is the position of the defendants that the statutory language requires such one-half of fines and bond forfeitures to be paid to the county treasury, because cases before a justice of the peace are prosecuted in a trial court which is a township court, and so is outside of an incorporated city or village. For a determination of this question the pertinent part of §1183-4 GC is the following: "Provided, however, if such prosecution is in a trial court outside of an incorporated city or village such money shall be paid one-half to the county treasury." The lower court was of the opinion that the term "trial court" was not intended to refer to the geographical location where the trial was held, but rather the particular type of court that was conducting the trial. Citing and quoting from the case of **Barth v. State, ex rel. Zielonka, 107 Oh St 154.** We are in full accord with the reasoning and logic set forth in the well considered opinion of Judge Gessaman. The fundamental inquiry in all judicial construction is to ascertain the intention of the Legislature and the objects to be attained by the particular enactment. As was stated by Judge Matthias in the Zielonka case, supra, at page 158,

"Surely it was not contemplated by the legislature that the subdivision which should receive one-half of the fines assessed in such cases could be arbitrarily determined by the officer before whom the prosecution was instituted by the mere physical change of his own location at the time of the hearing of the case. The fact that such magistrate is authorized to hear anywhere in the county a case of the character of that here involved does not operate to make such magistrate an officer of the subdivision where the case is actually heard."

The Court later cited the case of **City of Mt. Vernon v. Mochwart, 75 Oh St 529,** which is also applicable to the case at bar. If the plaintiff's position were correct with respect to disposition of this money it would follow that at least some fines levied by the Common Pleas Court in cases where arrest was made by a highway patrolman would be payable to the municipality in which the court was located, which certainly was not the legislative intent. The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.